```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
DEBRA ARMSTRONG,                                                  :    12-CV-1268 (ARR)
                                                                  :
                         Petitioner,                              :    NOT FOR ELECTRONIC
                                                                  :    OR PRINT PUBLICATION
         -against-                                                :
                                                                  :    MEMORANDUM &
PEOPLE OF THE STATE OF NEW YORK,                                  :    ORDER
                                                                  :
                         Respondent.                              :
                                                                  :
----------------------------------------------------------------- X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 28 2012 ★
BROOKLYN OFFICE

ROSS, United States District Judge:

On March 2, 2012, Debra Armstrong brought this pro se application, styled as a Notice of Appeal from a judgment of the New York Supreme Court, Queens County. Although the instant action purports to be an appeal of petitioner's state court proceedings, federal district courts do not have jurisdiction over state court proceedings. If an individual in custody pursuant to a state court judgment seeks to challenge his conviction or sentence in federal court, he must do so through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court therefore construes the submission as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, as petitioner has previously filed a petition challenging the same underlying conviction, the Court finds that it cannot consider the instant petition and hereby transfers it to the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 1631.

On September 19, 1996, petitioner was convicted and sentenced in New York Supreme Court, Queens County, on charges of kidnapping in the second degree and unlawful imprisonment in the first degree. She was sentenced, as a persistent violent felony offender, to an two indeterminate prison terms of twenty-two years to life for kidnapping and two-to-four years for unlawful imprisonment. The New York Appellate Division, Second Department,

affirmed the conviction on May 4, 1998. People v. Armstrong, 250 A.D.2d 618, 619 (N.Y. App. Div. 1998). The New York Court of Appeals denied leave to appeal on October 2, 1998. People v. Armstrong, 92 N.Y.2d 948 (1998). Petitioner thereafter unsuccessfully pursued a post-conviction challenge in state court. People v. Armstrong, 50 A.D.3d 697, (N.Y. App. Div. 2008) (writ of error coram nobis denied), leave to appeal denied, 10 N.Y.3d 955 (2008).

Petitioner has also unsuccessfully challenged this conviction in a prior petition to the United States District Court for the Eastern District of New York. See Armstrong v. Lord, No. 99-CV-6032, slip op. (E.D.N.Y. January 9, 2004), appeal dismissed, No. 04-4003-pr, slip op. (2d Cir. Dec. 20, 2004). Since petitioner here has previously filed a petition challenging the same conviction, this court may not review this newly-filed petition without authorization from the Second Circuit to do so. Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (explaining that the Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications"). In order to pursue this successive petition for habeas relief, petitioner must first move in the Second Circuit for permission to do so. 28 U.S.C. § 2244(b)(3)(A).

In the interest of justice, the Clerk of Court shall transfer this petition to the Second Circuit pursuant to 28 U.S.C. § 1631. Id. at 151-52 (citing Liriano v. United States, 95 F.3d 119, 121-23 (2d Cir. 1996) (per curiam)). This order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen under this docket number.

SO ORDERED.

/Signed by Judge Ross/

_____
Allyne R. Ross
United States District Judge

2

Dated:      March 22, 2012
            Brooklyn, New York

SERVICE LIST:

**Petitioner:**

Debra Armstrong
Bedford Hills Correctional Facility
P.O. Box 1000
Bedford Hills, New York 10507